UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

DANIEL HESS,
on behalf of himself and
all others similarly situated,

      Plaintiff,             Case No. 24-cv-473

  v.

MEDTORQUE, INC.,

      Defendant.

**ORDER GRANTING CERTIFICATION OF A RULE 23 CLASS AND FLSA COLLECTIVE ACTION AND PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT**

Having reviewed the parties' Stipulation to Certify a Collective Action pursuant to the Fair Labor Standards Act and a Class Action pursuant to Fed. R. Civ. P. 23 and to Certify Class Counsel and the Named Plaintiff as Representatives for the Class and Collective, the parties' Joint Motion for Preliminary Approval of Class and Collective Action Settlement, the documents filed in support thereof, and the record as a whole,

**IT IS HEREBY ORDERED THAT**:

1. Certification is **GRANTED**, for settlement purposes only, of a collective action pursuant to the FLSA and defined as follows:

> All hourly-paid employees of Defendant in the State of Wisconsin who return a Consent to Join Form as identified in Exhibit A to the parties' Settlement Agreement & Release, within sixty (60) calendar days of the postmark on the parties' Notice of Class and Collective Action Settlement, and who, at any time between April 20, 2021, and April 20, 2024, punched or clocked in an out using Defendant's timekeeping system and/or received compensation in addition to their hourly rates of pay (such as bonuses) and worked more than forty (40) hours in any workweek to which such additional compensation applied.

2. Certification is **GRANTED**, for settlement purposes only, of the Rule 23 Class pursuant to Fed. R. Civ. P. 23 and defined as follows:

> All hourly-paid employees of Defendant in the State of Wisconsin who neither return a Consent to Join Form as identified in Exhibit A to the parties' Settlement Agreement & Release, nor file a Request for Exclusion within sixty (60) calendar days of the postmark on the parties' Notice of Class and Collective Action Settlement, and who, at any time between April 20, 2021, and April 20, 2024, punched or clocked in an out using Defendant's timekeeping system and/or received compensation in addition to their hourly rates of pay (such as bonuses) and worked more than forty (40) hours in any workweek to which such additional compensation applied.

3. Named Plaintiff Daniel Hess is hereby **APPOINTED** as the Class Representative;

4. The law firm of Walcheske & Luzi, LLC is hereby **APPOINTED** as Class Counsel for the certified Fed. R. Civ. P. 23 class.

5. The parties' Settlement Agreement, (ECF No. 17-1), is **PRELIMINARILY APPROVED** as fair, reasonable, and an adequate resolution of a *bona fide* dispute under the Fair Labor Standards Act of 1938, as amended ("FLSA"), and Wisconsin's Wage Payment and Collections Laws ("WWPCL");

6. The parties' Notice of Class and Collective Action Settlement as attached to the parties' Settlement Agreement as Exhibit A (the "Notice") is **APPROVED** and constitutes the best notice practicable under the circumstances, including individual notice to all putative Settlement Class Members who can be identified with reasonable effort, and constitutes valid, due, and sufficient notice to putative Settlement Class Members in full compliance with the requirements of applicable law, including the due process clause of the United States Constitution.

7. Each Rule 23 Class member who wishes to join the FLSA Collective or object to or request exclusion from the Settlement Agreement must do so per the instructions set forth in the

Notice. The Court will not consider objections or requests for exclusions of any Rule 23 Class member who does not comply with such instructions.

8. Any Rule 23 Class member who has not properly and timely requested exclusion shall be bound by the Settlement Agreement in the event the Court issues a Final Order Approving Settlement.

9. The Court will conduct a Final Fairness Hearing on **March 2, 2026** at **11:30 a.m.** to determine whether: the Settlement Agreement should be approved as fair, reasonable, and adequate; to award the parties' agreed upon Service Award to Plaintiff; to determine the appropriateness of Plaintiff's counsel's requested award of attorneys' fees and costs; and to enter the proposed final order approving the Settlement Agreement and the parties' overall settlement of this litigation.

**SO ORDERED** at Milwaukee, Wisconsin, this 17th day of October, 2025.

/s/ Lynn Adelman
LYNN ADELMAN
District Judge